**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DANIEL W. DUMONT,**

      **Plaintiff,**      3:11-cv-974
                 (GLS/DEP)
  **v.**

**BASSETT MEDICAL CENTER et al.,**

      **Defendants.**
_____

**APPEARANCES:**         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Daniel W. Dumont
Pro Se
867 County Road 29
Norwich, NY 13815

**FOR THE DEFENDANTS:**
*Basset Medical Center;*
*Drs. Dehorn, Henson, Raffo, and*
*Kendrick, Professor; DeMulder;*
*Bauman; Mr. Blocker Door;*
*Nurses Blinder and Christina;*
*Dass; Williams; McMahon;*
*and Thompson*
Napierski, Vandenburgh Law Firm SHAWN F. BROUSSEAU, ESQ.
296 Washington Avenue Ext.
Albany, NY 12203

*Memorial Sloan-Kettering Cancer*
*Center; Drs. Bochner and*
*Rozenberg; and Wexler*
Hinman, Howard Law Firm    JAMES S. GLEASON, ESQ.
P.O. Box 5250
80 Exchange Street

700 Security Mutual Building
Binghamton, NY 13902

*Chenango Memorial Hospital;*
*Dr. Brereton; and Surdoval*
Burke, Scolamiero,                           PETER M. SCOLAMIERO, ESQ.
Mortati & Hurd LLP                           THOMAS A. CULLEN, ESQ.
7 Washington Square
Albany, NY 12212
The Kinney & Lange Building
Minneapolis, MN 55415

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Daniel W. Dumont commenced this action under 28 U.S.C. § 1343[1] against defendants alleging violations of his civil rights. (*See* Compl., Dkt. No. 1.) Pending are defendants' motions to dismiss, and plaintiff's motions to supplement his pleadings and for a preliminary injunction. (*See* Dkt. Nos. 10, 13, 16, 24, 26, 28, 32.) For the reasons that follow, defendants' motions are granted and plaintiff's motions are denied as moot.

---

[1] Notably, 28 U.S.C. § 1343 is a jurisdictional statute and does not provide a cause of action. (*See* Compl. ¶ 1, Dkt. No. 1.) However, its counterpart, 42 U.S.C. § 1985 does provide a cause of action, and thus, Dumont's Complaint will be construed to state a cause of action under it.

2

## II. Background[2]

The essence of Dumont's Complaint is that his Thirteenth Amendment rights were violated when defendants performed work against his will.  (*See* Dkt. No. 18, Attach. 2 at 2.)   It appears the work Dumont is referring to is the treatments he received, including a surgery on April 13, 2011, after being diagnosed with bladder cancer.  (*See id.*; Dkt. No. 28; Compl. ¶ 1, Dkt. No. 1.)  In addition to a violation of his civil rights, Dumont also alleges that defendants breached their respective legal duties, committed medical malpractice, and violated the Patient's Bill of Rights. (Compl. ¶ 5(D), Dkt. No. 1.)

## III. Standard of Review

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here.[3]  For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

---

[2] Dumont's 80 page Complaint is completely unintelligible and strewn with conclusory allegations. (*See generally* Compl., Dkt. No. 1.)  Thus, to the extent possible, the court summarizes Dumont's allegations using the information contained in his various submissions. (*See* Dkt. Nos. 1, 18, 24, 26, 28.)

[3] Because Dumont is proceeding *pro se*, the court will construe his Complaint liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

## IV. **Discussion**

Defendants each filed motions to dismiss under Fed. R. Civ. P. 12(b)(1) and (6), arguing the court lacks subject-matter jurisdiction and that Dumont failed to state a cognizable claim. (*See generally* Dkt. Nos. 10, 13, 16.) The court agrees on both grounds.[4]

Even liberally construed, Dumont's Complaint fails to allege a cause of action under 42 U.S.C. § 1985(3).[5] "[T]o make out a violation of 42 U.S.C. § 1985(3) . . . [Dumont] must [prove] four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO, v. Scott*, 463 U.S. 825, 828-29 (1983). Although the right that was allegedly violated is discernible through Dumont's response, the

---

[4] In light of the court's dismissal of Dumont's Complaint, his pending motions are denied as moot. (*See* Dkt. Nos. 24, 26, 28, 32.)

[5] To the extent Dumont sought to bring a claim under 42. U.S.C. § 1983, his claims also fail because he has not alleged that "he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citation omitted).

4

remainder of the elements of his 42. U.S.C. § 1985(3) claim are lacking. (*See* Dkt. No. 18, Attach. 2 at 2.)  As such, defendants' motions under Fed. R. Civ. P. 12(b)(6) are granted.[6]

However, since this is the first time that Dumont has been alerted to the deficiencies in his Complaint, this dismissal is without prejudice to his right to file an Amended Complaint—if he so chooses—consistent with this memorandum-decision and order.  The Amended Complaint must be filed within thirty (30) days of the date of this order and strictly comply with the requirements of, *inter alia*, N.D.N.Y. L.R. 7.1(a)(4) and Fed. R. Civ. P. 11(b).  If Dumont elects to file an Amended Complaint, defendants shall have fourteen (14) days to file the appropriate response, and/or renew their motions to dismiss.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motions to dismiss (Dkt. Nos. 10, 13, 16) are **GRANTED** and all claims against them are **DISMISSED**; and it is further

---

[6] Moreover, defendants motions under Fed. R. 12(b)(1) are also granted as there is no federal question, the parties are not diverse, and an exercise of supplemental jurisdiction would be inappropriate.  *See* 28 U.S.C. §§ 1332, 1367(c).

**ORDERED** that Dumont's motions (Dkt. Nos. 24, 26, 28, 32) are **DENIED** as moot; and it is further

**ORDERED** that Dumont may—in accordance with requirements of N.D.N.Y. L.R. 7.1(a)(4)—file an Amended Complaint, if he can, in good faith, allege sufficient facts to cure the deficiencies articulated above, within thirty (30) days of this order; and it is further

**ORDERED** that if Dumont does not file an Amended Complaint within thirty (30) days of this order, the Clerk is directed to enter judgment for the defendants and close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

November 29, 2011
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge