**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DANIEL W. DUMONT,**

                **Plaintiff,**            **3:11-cv-974**
                                             **(GLS/DEP)**

              **v.**

**BASSETT MEDICAL CENTER et al.,**

                **Defendants.**
_____

## SUMMARY ORDER

On November 29, 2011, this court dismissed plaintiff *pro se* Daniel W. Dumont's Complaint under Fed. R. Civ. P. 12(b)(6).  (*See* Dkt. No. 33.) In so doing, the court granted Dumont leave to file an amended complaint and reserved defendants right to renew their motions to dismiss if Dumont elected to do so.  (*See id.* at 5-6.)  Dumont filed an amended complaint on December 30, 2011 and defendants[1] subsequently renewed their motions to dismiss.  (*See* Am. Compl., Dkt. No. 37; Dkt. Nos. 40, 43, 45.)

---

[1] In his Amended Complaint, Dumont added three new defendants: Frank Cole, III, Lawrence I. Laifer and Michael Trevisani.  However, to date, defendants Cole and Trevisani have not joined motions to dismiss.  (*See* Dkt. No. 40, 43, 45.)  Thus, for the purposes of this Summary Order the following will be referred to collectively as "defendants": Bassett Medical Center, Dr. Stephen J. Dehorn, Dr. Craig R. Henson, Dr. O. Scott Raffo, Dr. Ian Kendrick, Dr. Professor, Suzanne DeMulder, Monica Bauman, Mr. Blocker Door, Nurse Blinder, Nurse Christina, Joann Dass, Peter Williams, Ann E. McMahon, Kim Thompson, Memorial Sloan-Kettering Cancer Center, Dr. Bernard H. Bochner, Dr. Marina Rozenberg, Karen Wexler MA, Chenango Memorial Hospital, Dr. John Brereton, Windy Surdoval and Dr. Lawrence I. Laifer.

Having reviewed Dumont's Amended Complaint, and affording it the liberal construction due to him as a *pro se* plaintiff, the court concludes that Dumont claims are not cognizable in federal court.[2] (*See generally* Am. Compl.)  Although he abandoned his claim under 42 U.S.C. § 1985, (*see* Compl., Dkt. No. 1), Dumont now alleges the court has federal question jurisdiction under 28 U.S.C. § 1331 for alleged deprivations of his "Civil Rights," "Patients' Bill of Rights," and the Ninth, Thirteenth and Fourteenth Amendments.  (*See, e.g.*, Am. Compl. ¶¶ 1(A), 2(B).)  With respect to his constitutional claims,[3] Dumont's Amended Complaint fails to allege the requisite "state action."  *See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 941 F.2d 1292, 1295-96 (2d Cir. 1991) (stating "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action . . . . [T]he party charged with the [conduct] must be a person who may fairly be said to be a state actor.") (internal quotation marks and citations omitted).  Because defendants are not state actors,

---

[2] Dumont may have a viable claim for medical malpractice against defendants, but, because diversity jurisdiction is lacking, this court cannot grant him the relief he seeks.

[3] The court is unable to discern the specific conduct which constituted an alleged violation of Dumont's "Civil Rights" and "Patients' Bill of Rights," and thus, these claims—to the extent a claim was even stated—are dismissed.  (*See* Am. Compl. ¶ 2(B).)

2

Dumont's Ninth, Thirteenth and Fourteenth Amendment claims fail as a matter of law and are thus dismissed.

**ACCORDINGLY**, it is hereby

**ORDERED** that defendants' motions to dismiss (Dkt. Nos. 40, 43, 45) are **GRANTED** and all claims against them are **DISMISSED**; and it is further

**ORDERED** that Bassett Medical Center, Dr. Stephen J. Dehorn, Dr. Craig R. Henson, Dr. O. Scott Raffo, Dr. Ian Kendrick, Dr. Professor, Suzanne DeMulder, Monica Bauman, Mr. Blocker Door, Nurse Blinder, Nurse Christina, Joann Dass, Peter Williams, Ann E. McMahon, Kim Thompson, Memorial Sloan-Kettering Cancer Center, Dr. Bernard H. Bochner, Dr. Marina Rozenberg, Karen Wexler MA, Chenango Memorial Hospital, Dr. John Brereton, Windy Surdoval and Dr. Lawrence I. Laifer are **TERMINATED** as parties; and it is further

**ORDERED** that the remaining parties notify Magistrate Judge Peebles in order to schedule further proceedings in accordance with this Summary Order; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties by mail and certified mail.

3

**IT IS SO ORDERED.**

February 10, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court